## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

────────────────────────────X

BASF CORPORATION,

          Plaintiff,

   v.

L.M. AUTO COLLISION CENTER INC.,

          Defendant.

────────────────────────────X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant L.M. Auto Collision Center Inc. ("Defendant") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a corporation organized and existing under the laws of the State of Florida, with a principal address of 4846 East 10th Court, Hialeah, Florida 33013 on file with the Florida Division of Corporations. Defendant's registered agent on file with the Florida Division of Corporations is Layden Montesino, with a service address of 4846 East 10th Court, Hialeah, Florida 33013.

3. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4. Defendant is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of Florida. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein

occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8. On or about February 7, 2018, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $302,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns and credits ("Minimum Purchases").

10. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $80,000.00 ("Contract Fulfillment Consideration") in consideration of Defendant satisfying its obligations under the Requirements Agreement.

11. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant fulfilling its Minimum Purchases requirement, Defendant was required to refund

the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

12. Pursuant to Paragraph 5 of the Requirements Agreement, BASF loaned certain equipment ("Loaned Equipment") to Defendant for Defendant's use in conjunction with BASF Refinish Products. Defendant agreed that the Loaned Equipment would be returned to BASF at the end of the Requirements Agreement.

13. Also pursuant to Paragraph 5 of the Requirements Agreement, BASF provided Defendant with one set of toners ("Toners") on consignment. Defendant agreed that upon BASF's demand and/or upon termination of the Requirements Agreement, Defendant would pay BASF for any consumed Toners and return any unopened Toners to BASF.

### *Defendant's Breach of the Requirements Agreement*

14. In or about July 2020, Defendant, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to fulfill all of its requirements for Refinish Products with BASF Refinish Products prior to fulfilling its $302,000.00 Minimum Purchases requirement, failing to refund the Contract Fulfillment Consideration to BASF, and failing to return the Loaned Equipment to BASF or pay BASF for the Toners pursuant to the Requirements Agreement.

15. At the time of Defendant's breach and termination of the Requirements Agreement, Defendant had purchased only approximately $40,896.88 in BASF Refinish Products, leaving a purchase balance due and owing of $261,103.12.

16. Defendant's $40,896.88 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constituted less than one-fifth of its Minimum Purchases requirement, triggering an obligation to refund 110% of the Contract Fulfillment Consideration ($88,000.00) to BASF.

17. Defendant's breach and termination of the Requirements Agreement also triggered Defendant's obligation to return the Loaned Equipment, which has a value of $10,465.18, to BASF.

5

18. Defendant's breach and termination of the Requirements Agreement also triggered Defendant's obligation to pay BASF for the Toners, which have a value of $20,650.14, to BASF.

19. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

20. By letter dated August 14, 2020, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

21. Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

**COUNT I**
**Breach of Contract**

22. BASF incorporates by reference the allegations contained in paragraphs 1-21.

23. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $302,000.00 of

Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns and credits.

24. Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

25. A purchase balance of at least $261,103.12 remains outstanding under the terms of the Requirements Agreement.

26. Because of Defendant's breach without legal excuse, and pursuant to Paragraph 3 of the Requirements Agreement, Defendant is obligated to refund 110% of the $80,000.00 Contract Fulfillment Consideration to BASF, which is $88,000.00; pay BASF for the value of the Loaned Equipment, which is $10,465.18; and pay BASF for the value of the Toners, which is $20,650.14.

27. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

    a.   $88,000.00 for 110% of the Contract Fulfillment Consideration;

    b.   $261,103.12 for the remaining balance of the Minimum Purchases requirement;

    c.   $10,465.18 for the value of the Loaned Equipment; and

  d. $20,650.14 for the value of the Toners.

 28. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

 29. As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

 **WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial but not less than $380,218.44, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Unjust Enrichment

 30. BASF incorporates by reference the allegations contained in paragraphs 1-21.

 31. Through BASF's business relationship with Defendant, Defendant received the benefit of the $80,000.00 Contract Fulfillment Consideration, the Loaned Equipment valued at $10,465.18, and the Toners valued at $20,650.14 provided by BASF in anticipation of the parties' continued business relationship.

32. Defendant prematurely terminated the parties' business relationship but Defendant has failed to return the $80,000.00 Contract Fulfillment Consideration, Loaned Equipment, or Toners to BASF.

33. BASF expected return of the Contract Fulfillment Consideration, Loaned Equipment, and Toners from Defendant. Defendant's failure to return the Contract Fulfillment Consideration, Loaned Equipment, and Toners to BASF has unjustly enriched Defendant.

34. Permitting Defendant to retain the combined $111,115.32 benefit of the Contract Fulfillment Consideration, Loaned Equipment, and Toners when Defendant prematurely terminated its business relationship with BASF would be unequitable and unjust to BASF.

35. By reason of the foregoing, Defendant has been unjustly enriched by $111,115.32 for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant awarding an amount to be determined at trial but not less than $111,115.32, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
## Declaratory Relief

36. BASF incorporates by reference the allegations contained in paragraphs 1-21.

37. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

38. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

39. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

40. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

      a.    Awarding BASF monetary damages in an amount to be determined at trial, but not less than $380,218.44, together with prejudgment interest;

      b.    Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

      c.    Awarding BASF all costs and fees of this action as permitted by law; and

      d.    Awarding BASF such other and further relief as this Court deems just and proper.

Dated:    March _____, 2023

                        CARLTON FIELDS, P.A.

By:   */s/ Daniel C. Johnson*
       Daniel C. Johnson
       djohnson@carltonfields.com
       200 S. Orange Avenue, Suite 1000
       Orlando, FL 32801-3456
       Tel:  (407) 244-8237
       Fax:  (407) 648-9099