UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20901-CIV-ALTONAGA/Damian

**BASF CORPORATION**,

    Plaintiff,
v.

**L.M. AUTO COLLISION CENTER INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On March 7, 2023, Plaintiff, BASF Corporation filed a Complaint [ECF No. 1] alleging three claims for relief. (*See id.* ¶¶ 22–39). Because the Complaint does not sufficiently allege subject matter jurisdiction, it is due to be dismissed. The Court explains.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case, and [it] should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alteration added; citation omitted).

The Complaint alleges that the Court has jurisdiction under the diversity statute, 28 U.S.C. section 1332, because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship. (*See* Compl. ¶¶ 1–2, 5). To establish diversity jurisdiction at the pleading stage, a

CASE NO. 23-20901-CIV-ALTONAGA/Damian

party must specifically and unequivocally allege the parties' states of citizenship. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).

Plaintiff alleges its citizenship: it is "incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey." (Compl. ¶ 1). But Plaintiff does not specifically allege Defendant, L.M. Auto Collision Center, Inc.'s state or states of citizenship. In contrast to its description about its own citizenship, Plaintiff alleges Defendant is a "corporation organized and existing under the laws of the State of Florida, with a principal *address*" in Florida. (*Id.* ¶ 2 (emphasis added)). This is insufficient.

For purposes of diversity jurisdiction, section 1332 describes a corporation as "a citizen of every State . . . [where] it [is] incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332 (alterations added). Plaintiff must therefore "affirmatively plead both [Defendant's] state of incorporation and [its] principal place of business." *Amegy Bank Nat. Ass'n v. Deutsche Bank Corp.*, No. 2:12-cv-243, 2012 WL 4466466, at *2 (M.D. Fla. Sept. 27, 2012) (alterations added; collecting cases). It is unclear whether Defendant's "principal address" is its "principal place of business;" Plaintiff must clarify. Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **March 13, 2022** to submit an amended complaint correcting the foregoing deficiency, failing which the case will be dismissed without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 9th day of March, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record